**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID BALASYAN,

               Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No. 22-1840

Agency No.
A071-151-243

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 15, 2023
Pasadena, California

Before: SCHROEDER, FRIEDLAND, and MILLER, Circuit Judges.

     Petitioner David Balasyan, a native and citizen of Azerbaijan, seeks review

of a Board of Immigration Appeals ("BIA") order reversing the Immigration

Judge's decision to grant withholding of removal under the Convention Against

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the

petition.

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The BIA denied Balasyan's application for protection under the CAT on the ground that Balasyan failed to show that he would more likely than not be tortured if removed to Azerbaijan. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (explaining that applicants for withholding of removal under the CAT must show that they are more likely than not to be tortured if removed to the proposed country of removal). The evidence does not compel a contrary conclusion. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (affirming denial of CAT protection where the record did not indicate a particularized threat of torture); *see also I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992) (explaining that we must uphold the BIA's determination unless the evidence compels a contrary conclusion). A likelihood of persecution or discrimination upon removal is not sufficient to establish entitlement to CAT protection. *See Medina-Rodriguez v. Barr*, 979 F.3d 738, 750-51 (9th Cir. 2020) (affirming the denial of CAT protection where the record showed that petitioner would likely face discrimination and persecution but not torture).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Docket Entry No. 2) is otherwise denied.

**PETITION DENIED.**